UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DARLENE GRANTZ,

     Plaintiff,

v.

SOUTHERN STEAK HOUSE, LLC, a
Florida limited liability company, et. al.


     Defendants.
_____/

**<u>INDEX</u>**

| Pleading Name | Date |
|---|---|
| Case Docket | |
| Civil Coversheet | 08/21/2020 |
| Complaint | 08/21/2020 |
| Receipt for Filing Fee | 08/24/2020 |
| Order Directing Plaintiff to Effect Service Upon Defendants | 01/24/2021 |
| Plaintiff's Motion for Extension of Time to Serve Defendant with the Summons and Complaint | 02/01/2021 |
| Plaintiff's Notice of Hearing | 02/01/2021 |
| Order on Plaintiff's Motion for Extension of Time | 02/11/2021 |
| Issued Summons to Southern Steak House, LLC | 02/12/2021 |
| Issued Summons to Scott Lizza | 02/12/2021 |
| Issued Summons to S&J Crazy Lizards Entertainment, LLC | 02/12/2021 |

Composite Exhibit "A"

| | |
|---|---|
| Receipt for Filing Fee | 02/12/2021 |
| Notice of Appearance and Designation of Email Service Address Pursuant to Rule 2.516 | 03/15/2021 |
| Defendants' Motion to Dismiss Plaintiff's Complaint | 03/15/2021 |

38268262.1

# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY

**CASE NUMBER: 50-2020-CA-008979-XXXX-MB**
**CASE STYLE: GRANTZ, DARLENE V SOUTHERN STEAK HOUSE LLC**

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |
|---|---|---|---|---|---|---|

To view a document, click on the document icon 🗋 in the left column.

Documents with a lock icon 🔒 are viewable on request (VOR) to protect confidential information. Click on the lock icon 🔒 to request the document. VOR documents are reviewed and then generally become available online within three business days of request.

A clock icon ⏱ means a VOR document is 'In Process' and being reviewed. Click on the clock icon ⏱ to request email notification when the document becomes available online.

Public = 🗋                    VOR = 🔒                    In Process = ⏱                    Page Size:  All ⌄

| | Docket Number | Effective Date | Description | Notes |
|---|---|---|---|---|
| 🗋 | 1 | 08/21/2020 | CIVIL COVER SHEET | |
| 🗋 | 2 | 08/21/2020 | COMPLAINT | F/B PLT |
| | 3 | 08/24/2020 | DIVISION ASSIGNMENT | AO: Circuit Civil Central - AO (Civil) |
| 🗋 | 4 | 08/24/2020 | PAID $401.00 ON RECEIPT 3721740 | $401.00 3721740 Fully Paid |
| 🗋 | 5 | 01/04/2021 | ORDER DIRECTING SERVICE | NUTT DTD 1/4/21: W/IN 30 DAYS |
| 🗋 | 6 | 02/01/2021 | MOTION FOR EXTENSION OF TIME | TO SERVE DEFENDANT WITH THE SUMMONS AND COMPLAINT F/B PLT |
| 🗋 | 7 | 02/01/2021 | NOTICE OF HEARING | NOTICE OF HEARING 02/11/2021 08:30:00 AM |
| 🗋 | 8 | 02/11/2021 | ORDER NUTT DTD 2/11/21: PLT'S MOTION FOR EXTENSION OF TIME TO SERVE DFT WITH SUMMONS AND COMPLAINT GRANTED ADDITIONAL 60 DAYS TO PERFECT SERVICEW UPON DFT | NUTT DTD 2/11/21: PLT'S MOTION FOR EXTENSION OF TIME TO SERVE DFT WITH SUMMONS AND COMPLAINT GRANTED ADDITIONAL 60 DAYS TO PERFECT SERVICEW UPON DFT |
| 🗋 | 9 | 02/11/2021 | SUMMONS ISSUED | rregueiro@rgpattorneys.com;aziani@rgpattorneys.com;gcellini@rgpattorneys.com AS TO DFT SOUTHERN STEAK HOUSE LLC |
| 🗋 | 10 | 02/11/2021 | SUMMONS ISSUED | rregueiro@rgpattorneys.com;aziani@rgpattorneys.com;gcellini@rgpattorneys.com AS TO DFT SCOTT J LIZZA |
| 🗋 | 11 | 02/11/2021 | SUMMONS ISSUED | rregueiro@rgpattorneys.com;aziani@rgpattorneys.com;gcellini@rgpattorneys.com AS TO DFT S&J CRAZY LIZARDS ENTERTAINMENT LLC |

| | 12 | 02/12/2021 | PAID $30.00 ON RECEIPT 3908445 | $30.00 3908445 Fully Paid |
| | 13 | 03/15/2021 | NOTICE OF APPEARANCE CIVIL | AND DESIGNATION OF EMAIL SERVICE ADDRESS PURSUANT TO RULE 2.516 F/B ATTY THEODOSSAKOS OBO DFTS SOUTHERN STEAK HOUSE LLC AND S&J CRAZY LIZARDS ENTERTAINMENT LLC |
| | 14 | 03/15/2021 | MOTION TO DISMISS | PLTS COMPLAINT F/B DFTS SOUTHERN STEAK HOUSE LLC AND S&J CRAZY LIZARDS ENTERTAINMENT LLC |

Filing # 112210183 E-Filed 08/21/2020 03:58:45 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

| I. | **CASE STYLE** |
|---|---|

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.:_____
Judge: _____

Darlene Grantz
Plaintiff
      vs.
SOUTHERN STEAK HOUSE LLC, S AND J CRAZY LIZARDS ENTERTAINMENT LLC
Defendant

| II. | **AMOUNT OF CLAIM** |
|---|---|

Please indicate the estimated amount of the claim rounded to the nearest dollar $300,000

| III. | **TYPE OF CASE** | (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines. |
|---|---|---|

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions
☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical

☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☒ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation
☐ County Civil
    ☐ Small Claims up to $8,000
    ☐ Civil
    ☐ Replevins
    ☐ Evictions
    ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.     **REMEDIES SOUGHT** (check all that apply):
         ☒ Monetary;
         ☐ Non-monetary declaratory or injunctive relief;
         ☐ Punitive

V.      **NUMBER OF CAUSES OF ACTION:**
         (Specify)

         <u>5</u>

VI.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
         ☐ Yes
         ☒ No

VII.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
         ☒ No
         ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
         ☒ Yes
         ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   <u>s/ Rainier Regueiro</u>
           Attorney or party
FL Bar No.:  <u>115578</u>
           (Bar number, if attorney)
           <u>Rainier Regueiro</u>
           (Type or print name)
Date:  <u>08/21/2020</u>

NOT A CERTIFIED COPY

Filing # 112210183 E-Filed 08/21/2020 03:58:45 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

DARLENE GRANTZ,

     Plaintiff(s),               CASE NO.: _____

v.

SOUTHERN STEAK HOUSE LLC,
a Florida Limited Liability Company,
S&J CRAZY LIZARDS
ENTERTAINMENT, LLC,
a Florida Limited Liability Company, and
SCOTT J LIZZA, Individually,

     Defendants.

_____/

## COMPLAINT

Plaintiff, DARLENE GRANTZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SOUTHERN STEAK HOUSE LLC, S&J CRAZY LIZARDS ENTERTAINMENT, LLC and, SCOTT J LIZZA, Individually, (collectively "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for unpaid minimum wages under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter the "FLSA"), and for unlawful, retaliatory discharge pursuant to Florida's private sector Whistleblower's Act, Fla. Stat. § 448.102 ("FWA").

2. Defendants, SOUTHERN STEAK HOUSE LLC and S&J CRAZY LIZARDS ENTERTAINMENT, LLC, are Florida Limited Liability Company, having their main place of business in Palm Beach County, Florida, where Plaintiff worked for Defendants and at all times material hereto were and are engaged in interstate commerce.

NOT A CERTIFIED COPY

3.   Defendant, SCOTT J LIZZA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendants, SOUTHERN STEAK HOUSE LLC and S&J CRAZY LIZARDS ENTERTAINMENT, LLC.

4.   Venue is proper in Palm Beach County, Florida because all of the actions that form the basis of this Complaint occurred within Palm Beach County, Florida and payment was due in Palm Beach County, Florida.

5.   Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

6.   Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.   All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.   Plaintiff performed work for Defendant from on or about April 2017 until on or about May 1, 2018.

9.   Throughout Plaintiff's employment, Plaintiff was not paid the proper minimum wage rate for many hours worked for Defendants as proscribed by the laws of the United Stated and the State of Florida

10. Specifically, Plaintiff performed non-tipped work approximately fifty percent (50%) of her time working for Defendant. Such work included, but is not limited to, inventory, stocking, washing dishes or ashtrays, rolling silverware, running food, and cleaning.

11. At all relevant times, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

12. In addition, Plaintiff complained to Management that there was unlawful underage drinking occurring at Defendants' place of business.

13. Shortly after complaining about underage drinking at Defendants' place of business, Defendants terminated Plaintiff.

14. Plaintiff was terminated due to her complaints of underage drinking.

15. Any reason proffered by Defendants for the adverse employment action is mere pretext for unlawful retaliation in violation of the FWA.

## COUNT I
### Violation of FLSA / Minimum Wage Against
### SOUTHERN STEAK HOUSE LLC

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

17. During the course of Plaintiff's employment, Plaintiff was not properly compensated for many hours worked for Defendant.

18. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

19. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

20. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds

outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

22. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

24. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages

   and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys'

fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
*Violation of FLSA / Minimum Wage Against*
***S&J CRAZY LIZARDS ENTERTAINMENT, LLC***

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

26. During the course of Plaintiff's employment, Plaintiff was not properly compensated for many hours worked for Defendant.

27. Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed during the relevant time period.

28. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

29. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

30. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

31. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3

(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

32. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

33. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for hours worked within the three (3) years prior to the filing of this complaint, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
*Wage & Hour Federal Statutory Violation Against*
*SCOTT J LIZZA*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

35. This action is brought by Plaintiff to recover from Defendant unpaid overtime and/or minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

36. At the times mentioned, Defendant had the authority and/or power to alter the terms and conditions of Plaintiff's employment in the areas of Plaintiff's employment (hire/fire), scheduled hours and/or rate of pay.

37. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

38. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

39. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Adjudge and decree that Defendant is an individual with operational control and is, thus, jointly and severally liable under the FSA for unpaid wages at issue;

    C. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage compensation for hours worked in excess of forty (40) weekly, with interest;

D. Award Plaintiff an equal amount in double damages/liquidated damages; and

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances; and

G. Grant Plaintiff a Trial by Jury, where applicable.

**COUNT IV**
*Retaliation under the FWA Against*
*SOUTHERN STEAK HOUSE LLC*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

41. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

42. At all relevant times aforementioned, including at the time of Plaintiff's termination, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

43. At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

44. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

45. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

46. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

47. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

48. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

a. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

b. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

c. Reinstate full fringe benefits and seniority rights to Plaintiff.

d. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

e. Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.102.

**COUNT V**
***Retaliation under the FWA Against***
***S&J CRAZY LIZARDS ENTERTAINMENT, LLC***

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this Complaint as if set out in full herein.

50. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

51. At all relevant times aforementioned, including at the time of Plaintiff's termination, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

52. At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

53. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

54. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

55. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

56. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

57. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

f.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

g.   Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

h.   Reinstate full fringe benefits and seniority rights to Plaintiff.

i.   Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

j.   Award any other compensation allowed by law including punitive damages and attorney's fees pursuant to Fla. Stat. § 448.102.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _8/21/20_____                    Respectfully submitted,

                                        /S/Rainier Regueiro_____
                                        **Rainier Regueiro, Esq.**
                                        Florida Bar No.: 115578
                                        **REMER & GEORGES-PIERRE,
                                        PLLC**
                                        44 West Flagler Street, Suite 2200
                                        Miami, FL 33130
                                        Telephone: (305) 416-5000
                                        Facsimile: (305) 416-5005



### SHARON R. BOCK

CLERK & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

## RECEIPT
3721740

Printed On:
08/24/2020 09:16
Page 1 of 1

| Receipt Number: 3721740 - Date 08/24/2020  Time 9:16AM | |
|---|---|
| **Received of:** | Remer and Georges Pierre PLLC<br>44 West Flagler St. Suite 2200<br>Miami, FL 33130 |

| | | | |
|---|---|---|---|
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 10033452 | **Remaining Balance:** | 0.00 |
| **Division:** | AO: Circuit Civil Central - AO(Civil) | | |

| Case# 50-2020-CA-008979-XXXX-MB -- PLAINTIFF/PETITIONER: GRANTZ, DARLENE | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 28848093 | 401.00 |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

Filing # 119003768 E-Filed 01/04/2021 02:44:30 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AO
CASE NO. 50-2020-CA-008979-XXXX-MB

DARLENE GRANTZ,
     Plaintiff/Petitioner
vs.
SOUTHERN STEAK HOUSE LLC,
S & J CRAZY LIZARDS ENTERTAINMENT LLC,
SCOTT J LIZZA,
     Defendant/Respondents.
_____/

## ORDER DIRECTING PLAINTIFF TO EFFECT SERVICE UPON DEFENDANT(S)

    **THIS CAUSE** came before the Court upon a sua sponte review of the court file. One hundred and twenty (120) days has elapsed since the filing of the complaint, the Defendant(s) has not been served with process, and no court order extending the time has been entered.

    **IT IS HEREBY ORDERED** that pursuant to Florida Rule of Civil Procedure 1.070(j), the Plaintiff is directed, within 30 days from the date of this order, to either serve process on the Defendant(s) or file a motion showing good cause or excusable neglect why the Defendant(s) has not yet been served with process. In the event that Plaintiff elects to file a motion for good cause or excusable neglect, the Plaintiff shall set the same motion for hearing on the Uniform Motion Calendar and the hearing shall occur no later than 50 days from the date of this Order. Plaintiff shall make a good faith effort to provide notice to all parties named herein.

    Failure to comply with this Order in the time frames set forth above shall result in an Order of Dismissal of the case against the unserved Defendant(s).

    **DONE AND ORDERED**, in West Palm Beach, Palm Beach County, Florida this 4th day of January, 2021.

50-2020-CA-008979-XXXX-MB   01/04/2021
15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT
James Nutt   Judge

50-2020-CA-008979-XXXX-MB   01/04/2021
James Nutt
Judge

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 01/04/2021 02:44:30 PM

Case No. 50-2020-CA-008979-XXXX-MB

**COPIES TO:**

| | | |
|---|---|---|
| REMER & GEORGES-PIERRE PLLC | RAINER REGUEIRO ESQ<br>319 CLEMATIS STREET<br>SUITE 606<br>WEST PALM BEACH, FL<br>33401 | rreguerio@rgpattorneys.com<br>rregueiro@rgpattorneys.com<br>aziani@rgpattorneys.com<br>gcellini@rgpattorneys.com |

NOT A CERTIFIED COPY

Filing # 120595555 E-Filed 02/01/2021 03:02:17 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

DARLENE GRANTZ,

      Plaintiff(s),                    CASE NO.: 50-2020-CA-008979-XXXX-MB

v.

SOUTHERN STEAK HOUSE LLC,
a Florida Limited Liability Company,
S&J CRAZY LIZARDS
ENTERTAINMENT, LLC,
a Florida Limited Liability Company, and
SCOTT J LIZZA, Individually,

      Defendants.

_____/

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT WITH THE SUMMONS AND COMPLAINT

      Plaintiff, **DARLENE GRANTZ** ("Plaintiff"), by and through the undersigned counsel, hereby moves the Court for a brief extension of time to serve Defendant and in support avers as follows:

1. Plaintiff timely filed the Complaint on August 21, 2020.

2. Since then, Plaintiff has used considerable efforts to obtain the updated and proper information necessary to serve Defendant with a copy of the Summons and Complaint, but has been unsuccessful in doing so.

3. Due to COVID-19 and the fact that many businesses have either closed or relocated, Plaintiff asks this Court to extend the time for Plaintiffs to serve the Summons and Complaint, with a new deadline of sixty days from the date of an order on this motion.

4. This Court may for good cause shown, and upon timely motion, enlarge the time within which an act shall otherwise be done. *See* Fed. R. Civ. P. 6(b)(1)(A).

5. This enlargement of time is sought in good faith and not for purposes of delay.  Moreover, this enlargement of time does not prejudice any party or conflict with existing deadlines set forth in the Court's Order.

Dated: 2/1/2021                                             Respectfully submitted,

                                                            s/Rainier Regueiro
                                                            Rainier Regueiro, Esq.
                                                            Florida Bar No.: 115578
                                                            **REMER & GEORGES-PIERRE, PLLC**
                                                            44 West Flagler Street, Suite 2200
                                                            Miami, Florida
                                                            33130
                                                            Tele: (561) 225-1970
                                                            Fax: (305) 416-5005

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this 1st day of February, 2021, I electronically filed the foregoing document with the Florida E-Filing Portal System. I also certify that the foregoing document is being served this day on all counsel of record, via electronic transmission of Notices generated by the Florida E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

/s/ Rainier Regueiro, Esq.
Rainier Regueiro
Florida Bar No. 115578

Filing # 120596716 E-Filed 02/01/2021 03:09:36 PM

**IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY,
FLORIDA**

**DARLENE GRANTZ,**

      **Plaintiff,**           **CASE NO.: 50-2020-CA-008979-XXXX-MB**

**v.**

**SOUTHERN STEAK HOUSE LLC,
a Florida Limited Liability Company,
S&J CRAZY LIZARDS
ENTERTAINMENT, LLC,
a Florida Limited Liability Company, and
SCOTT J LIZZA, Individually,**

      **Defendants.**

_____/

<u>**NOTICE OF HEARING**</u>

YOU ARE HEREBY NOTIFIED that the undersigned has called up for hearing the following:

| | |
|---|---|
| MATTER: | Motion for Extension of Time |
| DATE: | February 11, 2021 |
| TIME: | 8:30 A.M. |
| JUDGE: | The Honorable James E. Nutt |
| LOCATION: | Zoom |

Dated: 1st day of February 2021        Respectfully submitted,

        s/Rainier Regueiro
        Rainier Regueiro, Esq.
        Florida Bar No.: 115578
        rregueiro@rgpattorneys.com
        **REMER & GEORGES-PIERRE, PLLC**
        44 West Flagler Street Suite 2200
        Miami FL 33130
        Telephone: (561) 225-1970
        Facsimile: (305) 416-5005

NOT A CERTIFIED COPY

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 1st day of February 2021, a true and correct copy of the foregoing was furnished via US mail and/or electronic mail to the following:

                    s/Rainier Regueiro
                    Rainier Regueiro, Esq.
                    Florida Bar No.: 115578

Filing # 121219557 E-Filed 02/11/2021 10:50:15 AM

IN THE CIRCUIT COURT, FOR THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

Case No. 2020-CA-008979

DARLENE GRANTZ,
      Plaintiff,
v.

SOUTHERN STEAK HOUSE, LLC, et. al.,
      Defendants.
_____/

## ORDER

THIS CAUSE, having come before the Court upon Plaintiff's Motion for Extension of Time to Serve Defendant with Summons and Complaint, and the Court having heard the argument of counsel and being otherwise fully advised in the premises, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The foregoing motion is hereby **GRANTED**.
2. The Plaintiff shall have an additional sixty (60) days to perfect service upon Defendants.

**DONE AND ORDERED** at Palm Beach County, Florida.

502020CA008979XXXXMB   02/11/2021
James Nutt
Circuit Judge

| Name | Address | Email |
|------|---------|-------|
| REMER & GEORGES-PIERRE PLLC | RAINER REGUEIRO ESQ 319 CLEMATIS STREET SUITE 606 WEST PALM BEACH, FL 33401 | rregueiro@rgpattorneys.com; rregueiro@rgpattorneys.com; azlani@rgpattorneys.com; gcellini@rgpattorneys.com |

Filing # 121256898 E-Filed 02/11/2021 03:29:28 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

DARLENE GRANTZ,

      Plaintiff(s),              CASE NO.: 50-2020-CA-008979-XXXX-MB

v.

SOUTHERN STEAK HOUSE LLC,
a Florida Limited Liability Company,
S&J CRAZY LIZARDS
ENTERTAINMENT, LLC,
a Florida Limited Liability Company, and
SCOTT J LIZZA, Individually,

      Defendants.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** SOUTHERN STEAK HOUSE LLC, through its Registered Agent:

        SCOTT J LIZZA
        970 N CONGRESS AVENUE
        WEST PALM BEACH, FL 33409

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        RAINIER ERGUEIRO, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer with
the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO**    **Feb 12 2021**

CLERK                                  DATE

(BY) DEPUTY CLERK   **JOSIE LUCCE**

Filing # 121256898 E-Filed 02/11/2021 03:29:28 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

DARLENE GRANTZ,

    Plaintiff(s),          CASE NO.: 50-2020-CA-008979-XXXX-MB

v.

SOUTHERN STEAK HOUSE LLC,
a Florida Limited Liability Company,
S&J CRAZY LIZARDS
ENTERTAINMENT, LLC,
a Florida Limited Liability Company, and
SCOTT J LIZZA, Individually,

    Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** SCOTT J LIZZA

    SCOTT J LIZZA
    970 N CONGRESS AVENUE
    WEST PALM BEACH, FL 33409

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER ERGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within __20 days__ after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO**   Feb 12 2021

_____
CLERK                   DATE
_____
(BY) DEPUTY CLERK  **JOSIE LUCCE**



Filing # 121256898 E-Filed 02/11/2021 03:29:28 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

DARLENE GRANTZ,

      Plaintiff(s),           CASE NO.: 50-2020-CA-008979-XXXX-MB

v.

SOUTHERN STEAK HOUSE LLC,
a Florida Limited Liability Company,
S&J CRAZY LIZARDS
ENTERTAINMENT, LLC,
a Florida Limited Liability Company, and
SCOTT J LIZZA, Individually,

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** S&J CRAZY LIZARDS ENTERTAINMENT, LLC, through its Registered Agent:

        SUAL EWING ARNSTEIN & LEHR, LLP
        515 NORTH FLAGLER DRIVE, SUITE 1400
        WEST PALM BEAC, FL 33401

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        RAINIER ERGUEIRO, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO   Feb 12 2021**

CLERK                             DATE

(BY) DEPUTY CLERK     **JOSIE LUCCE**





**JOSEPH ABRUZZO**

# RECEIPT
3908445

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
02/12/2021 03:59
Page 1 of 1

| Receipt Number: 3908445 - Date 02/12/2021  Time 3:59PM | |
|---|---|
| **Received of:** | Remer and Georges Pierre PLLC<br>44 West Flagler St. Suite 2200<br>Miami, FL 33130 |

| | | | |
|---|---|---|---|
| **Cashier Name:** | ADMIN | **Balance Owed:** | 30.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 30.00 |
| **Receipt ID:** | 10228802 | **Remaining Balance:** | 0.00 |
| **Division:** | AO: Circuit Civil Central - AO(Civil) | | |

| Case# 50-2020-CA-008979-XXXX-MB -- PLAINTIFF/PETITIONER: GRANTZ, DARLENE | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 30.00 | 30.00 | 0.00 |
| **Case Total** | **30.00** | **30.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_ACH | 30408306 | 30.00 |
| **Total Received** | | **30.00** |
| **Total Paid** | | **30.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

Filing # 123124179 E-Filed 03/15/2021 04:43:42 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50-2020-CA-008979-XXXXMB

DARLENE GRANTZ,

      Plaintiff,

v.

SOUTHERN STEAK HOUSE, LLC, a
Florida limited liability company, et. al.

      Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL SERVICE ADDRESS PURSUANT TO RULE 2.516

NOTICE IS HEREBY GIVEN of the appearance of the law firm of Saul Ewing Arnstein & Lehr, LLP, as counsel for Defendants Southern Steak House, LLC and S&J Crazy Lizards Entertainment, LLC ("Defendants"). Copies of all future pleadings, correspondence, etc., relating to the above-styled matter should be furnished to Saul Ewing Arnstein & Lehr, LLP, at the address that follows.

Defendants, by and through their undersigned counsel, hereby designate their primary and secondary email service addresses pursuant to Rule 2.516, as follows:

      Primary:  Antoinette.theodossakos@saul.com,

      Secondary:  susan.brown@saul.com WPB-ctdocs@saul.com

38234696.1

Dated  March 15, 2021.

Respectfully submitted,
Saul Ewing Arnstein & Lehr, LLP
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL 33401
Telephone:     (561) 833-9800
Facsimile:     (561) 655-5551


By:    /s/ Antoinette Theodossakos
Antoinette Theodossakos
Florida Bar No. 178608
Antoinette.Theodossakos@saul.com
susan.brown@saul.com
Wpb-ctdocs@saul.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021 I electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-Filing Portal ("Portal").  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Saul Ewing Arnstein & Lehr, LLP
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL 33401
Telephone:     (561) 833-9800
Facsimile:     (561) 655-5551


By:    /s/ Antoinette Theodossakos
Antoinette Theodossakos
Florida Bar No. 178608
Antoinette.Theodossakos@saul.com
susan.brown@saul.com
Wpb-ctdocs@saul.com

38234696.1

## **SERVICE LIST**

Rainier Regueiro, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
rregueiro@rgpattorneys.com

38234696.1

Filing # 123124179 E-Filed 03/15/2021 04:43:42 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50-2020-CA-008979-XXXXMB

DARLENE GRANTZ,

      Plaintiff,

v.

SOUTHERN STEAK HOUSE, LLC, a
Florida limited liability company, et. al.

      Defendants.

_____/

## **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

    Defendants Southern Steak House, LLC ("Southern Steak House") and S&J Crazy Lizards Entertainment, LLC ("S&J") (collectively, "Defendants"), by and through their undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Complaint, and as grounds thereof states as follows:

### **INTRODUCTION**

    The Court should dismiss Plaintiff's claims against Defendants (Counts I, II, IV, and V) because her bare bones, conclusory allegations fail to state claims under the Fair Labor Standards Act (FLSA). Moreover, Plaintiff's retaliation claims fails because she did not engage in a protected activity that would support such a claim.

### **ALLEGED FACTS**

    Plaintiff Darlene Grantz ("Plaintiff") worked for S&J from April 2017 until May 1, 2018.[1]

---

[1] Plaintiff alleges she was employed by both S&J and Southern Steak House. In reality, Plaintiff never worked for S&J and only worked for Southern Steak House, located at 8199 Southern Boulevard, West Palm Beach, Florida 33411.

Compl., ¶ 8. Plaintiff alleges that she was not paid the proper minimum wage for "many hours" worked for S&J. *Id*. at ¶ 9. Plaintiff also alleges that she complained to "Management" that there was underage drinking occurring at "Defendants' place of business." *Id*. at ¶ 12. Shortly after her alleged complaint, she was fired. *Id*. at ¶ 13.

Plaintiff's Complaint alleges FLSA violations against S&J, Scott J. Lizza ("Lizza"), and Southern Steak House, as well as retaliation under the Florida Whistleblower Act (FWA) against Southern Steak House and S&J.

## ARGUMENT

### I.     Plaintiff's Retaliation Claims (Counts IV and V) Must Be Dismissed

Plaintiff fails to state claims for retaliation under the FWA. A *prima facie* case under the FWA has three elements: Plaintiff must show 1) she engaged in statutorily protected activity, 2) she suffered a materially adverse action that would discourage a reasonable employee from engaging in a statutorily protected activity, and 3) there is a causal relationship between the two events. *Chaudhry v. Adventist Health Sys. Sunbelt, Inc.*, 305 So. 3d 809, 813 (Fla. Dist. Ct. App. 2020); *Rustowicz v. N. Broward Hosp. Dist.*, 174 So. 3d 414, 419 (Fla. Dist. Ct. App. 2015).

Here, Plaintiff does not allege that she engaged in a statutorily protected activity. Instead, she merely claims that she reported underage drinking. Compl. ¶ 12. Notably, she does not allege that she protested S&J or Southern Steak House *supplying* alcohol to minors, only that she complained about underage drinking *occurring*. From her Complaint, it is entirely unclear whether she is claiming that underaged individuals brought alcohol onto Defendants' premises, or whether Defendants served alcohol to minors. She does not provide any additional facts regarding the alleged underaged drinking, leaving Defendants and the Court to guess as to the dates of the alleged

38215269.1

occurrence, the individuals involved, and the nature of the supposed offense. Her claim lacks the level of specificity necessary to proceed.

Likewise, Plaintiff alleges that she complained about the underage drinking to "Management," but does not identify "Management," let alone allege that "Management" was associated with S&J or Southern Steak House, as "Management" could refer to personnel related with either one of Defendants. *Id*. Therefore, plaintiff has not adequately pled a violation of the FWA and Counts IV and V must be dismissed.

## II.   Plaintiff Failed To Adequately Plead A Violation Of The FLSA (Counts I and II)

Plaintiff's claims under the FLSA must also be dismissed because she does not plead sufficient facts. She merely alleges that Defendants failed to compensate her at a rate equal to the minimum wage. *Id*. at ¶¶ 17, 27. She does not identify any specific pay periods in which she was underpaid and she does not allege the rate at which she was actually paid. She does not even identify what job she supposedly held at S&J or Southern Steak House. Her threadbare recitals are insufficient. Contrast with *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F. Supp. 3d 1252, 1256 (S.D. Fla. 2020) (Complaint set forth "in great detail" facts from which a plausible FLSA claim could be made, including describing the plaintiff's typical workweek, that plaintiffs worked long hours as day laborers but were compensated for flat 7 or 8 hours of work, that deductions from their pay were made for transportation and equipment charges, that timesheets were not maintained, and that the compensation paid failed to satisfy the FLSA's minimum wage and overtime requirements). Moreover, unlike the pleading requirements in the federal court where notice pleading is the prevailing standard, the Florida Rules of Civil Procedure require fact pleading. *Ranger Const. Indus., Inc. v. Martin Companies of Daytona, Inc.*, 881 So. 2d 677, 680 (Fla. Dist. Ct. App. 2004). "At the outset of a suit, litigants must state their pleadings with sufficient

38215269.1

particularity for a defense to be prepared." *Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.*, 915 So. 2d 220, 222 (Fla. Dist. Ct. App. 2005) (quoting *Horowitz v. Laske*, 855 So.2d 169, 173 (Fla. 5th DCA 2003)). Plaintiff has not set forth the requisite level of particularity, and therefore, this Court should dismiss Counts I and II.

WHEREFORE, Defendants Southern Steak House, LLC and S&J Crazy Lizards Entertainment, LLC, respectfully request that this Court enter an order dismissing Counts I, II, IV, and V of Plaintiff's Complaint and granting such other and further relief as this Court deems just and proper.

Dated: March 15, 2021.

Respectfully submitted,
Saul Ewing Arnstein & Lehr, LLP
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL 33401
Telephone:     (561) 833-9800
Facsimile:     (561) 655-5551


By:   /s/ Antoinette Theodossakos
Antoinette Theodossakos
Florida Bar No. 178608
Antoinette.Theodossakos@saul.com
susan.brown@saul.com
Wpb-ctdocs@saul.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2021 I electronically filed the foregoing document with the Clerk of Court using the Florida Courts E-Filing Portal ("Portal").  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Saul Ewing Arnstein & Lehr, LLP
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL 33401
Telephone:     (561) 833-9800
Facsimile:      (561) 655-5551


By:   /s/ Antoinette Theodossakos
      Antoinette Theodossakos
      Florida Bar No. 178608
      Antoinette.Theodossakos@saul.com
      susan.brown@saul.com
      Wpb-ctdocs@saul.com

## SERVICE LIST

Rainier Regueiro, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, Florida 33130
rregueiro@rgpattorneys.com

5

38215269.1